Kirkpatrick ' C. J.
The plaintiffs in this cause had instituted an action of debt against the defendant, before' a justice of the peace, upon the act commonly called the timber act, for the penalty for cutting six trees, in which action the defendant pleaded title, gave bond, &c. according to the directions of that act.
The plaintiffs then instituted an action of trespass in this court, in which also the defendant pleaded title, and issue was joined thereupon.
When the cause was called for trial at the Circuit, the defendant did not appear to verify his plea, upon which the plaintiff offered in evidence, the proceedings had in the action before the justice and there rested ; whereupon the judge gave in charge to the jury, that as the defendant had plead title in the cause below to an action for the penalty under the timber act, and had failed to support his plea, the plaintiff need not prove the trespass charged in his declaration, nor the amount of damages sustained by the commission thereof, but that the measure of damages was the penalty given by the timber act, and that the proceedings sufficent evidence as to the amount of damages. The jury found *a verdict for the plaintiff, and assessed his damages at 48 dollars, being the penalty sued for in the court below. And upon this charge on the coming in of the postea, there was a rule to shew cause, "&q.
*195 The defendant having pleaded title in the court below, ought to have had no operation in the conducting or trying of this cause, or upon the verdict or judgment tc be rendered in it. The only legitimate operation of that plea was to take the cause out of the jurisdiction of the justice, and the only operation of the bond was to secure to the plaintiff the damages which be might recover in the court above, together with his costs. But then it is perfectly settled, and indeed it is one essential quality of a special plea, like the present, that it confess the fact to which it is pleaded. The plea of liberum, tencmentum, in an action of trespass ought in express words, to admit the trespass in its whole extent, and then to justify, &c. When the judge therefore charged the jury that the plaintiff had no need to prove the trespass charged in his declaration, he laid down a sound principle of law, though I think he placed it upon untenable grounds. But though the plea admits the trespass in its whole extent, it does not admit the amount of damages laid in the declaration nor any other amount whatsoever. Nor can the penalty given by the act, be at all considered as a just measure of damages in actions of this kind; for the very term penalty implies that it is much more than the thing is worth, (a)
This action of trespass stands upon the very same footing as all other actions of trespass for cutting timber; it is no way affected by the action before the justice or any of the proceedings therein; and it certainly will not be contended that in every trespass the party is to be remunerated at the rate of 8 dollars for every tree, sapling and pole cut upon his land.
When this cause was first mentioned at the bar, I thought a new trial ought not to be granted on account of the trifling amount of the subject matter; and because too the plaintiffs were manifestly entitled to a verdict, and probably to nearly the amount found, for it does not take a very large tree to be worth 8 dollars. But I have yielded to my brother Rossell, who thinks that a verdict *196 never ought to be maintained upon unsound principles, ■publicly pronounced, (a)
Therefore let the rule be made absolute.
*Southakd J.
I am perfectly satisfied that the charge which I gave to the jury, was incorrect.(b) It was delivered under the impression that the two suits (before the justice and in the. supreme court) were connected, and the one a mere continuance of the other: and the plaintiff having complained of a particular trespass, to which the law had affixed a specific penalty; and the defendant having, by his proceedings admitted the trespass, the penalty followed, as the true amount of damages to be recovered. I erred. The actions are not so connected. The proceedings in the first, merely authorize the institution of the second, and bind the defendant, to appear, &c. After this, it is to be proceeded in, like any other action of trespass. The plaintiff must make out his entire case. He may use the proceedings, between the parties, in both the courts, to shew the existence of the trespass; but, claiming damages, he must also shew their amount by proper evidence. The statute only ascertains it in the action of debt, where the party has no justification for his trespass, not where he relies upon his title to protect him. I concur in the opinion that the rule be made absolute, and a new trial granted.
Rule, absolute.

 But see Adams vs. Scull, Pen. *741. Scudder vs. Bloomfield,, Pen. *950. Sayre vs. Sayre, Pen. *1046.

 Lippincott vs. Souder, 3 Hal. 165.

 Dewitt vs. Vliet, 1 Har. 356. Den. vs. Baldwin, Pen. *945. Somerville &c. R. R. vs. Doughty, 2 Zab. 517. Davis ads. Winants, 3 Har. 307.